Joseph Lavi, Esq. (SBN 209776)
e-mail: jlavi@lelawfirm.com
Christopher B. Adamson, Esq. (SBN 238500)
e-mail: cadamson@lelawfirm.com
LAVI & EBRAHIMIAN, LLP
8383 Wilshire Blvd., Suite 840
Beverly Hills, California 90211
Telephone Number: (323) 653-0086
Facsimile Number:  (323) 653-0081

Attorneys for PLAINTIFF
GUADALUPE AREVALO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE AREVALO, | Case No.: CV 09-4205 GW (PJWx) |
| | Los Angeles Superior Court Case No. BC 410194 |
| PLAINTIFF, | Hon. George H. Wu |
| vs. | **NOTICE OF MOTION AND MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES FOR $3,825.00, AGAINST DEFENDANTS GRUMA CORPORATION AND MISSION FOODS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOSEPH LAVI IN SUPPORT THEREOF AND SUPPORTING EVIDENCE** |
| GRUMA CORPORATION; MISSION FOODS; and DOES 1 to 100, Inclusive. | |
| DEFENDANTS. | Date:        **September 10, 2009**<br>Time:        **8:30 a.m.**<br>Courtroom:   **10** |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 10, 2009, at 8:30 a.m. or

---

**PLAINTIFF GUADALUPE AREVALO'S MOTION FOR REMAND**

1

as soon thereafter as the matter can be heard, in Courtroom 10, before the Honorable George H. Wu, in the United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012, Plaintiff GUADALUPE AREVALO will move this Court for an order providing that the instant action be remanded to State Court, that Defendants pay Plaintiff an award of attorneys' fees and costs in the amount of $3,825.00, or in an amount that the Court deems appropriate, and that the Clerk of the Court send a certified copy of the Order to the Clerk of the State Court in which the action was originally filed.

This Motion will be based on this Notice, the Memorandum of Points and Authorities field herewith, the accompanying Declaration of Joseph Lavi, the complete files and records in this action, and all other matters and evidence that may be presented at the hearing on this Motion.

DATED:  August 5, 2009                     Respectfully Submitted;

**LAVI & EBRAHIMIAN, LLP**


_____
Joseph Lavi, Esq.
Christopher B. Adamson, Esq.
Attorneys for Plaintiff
GUADALUPE AREVALO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, Guadalupe Arevalo, moves this Court for an Order directing that:

1. This action be remanded to State Court because there is no diversity of jurisdiction between the Parties;

2. Defendant pays Plaintiff's attorneys' fees and costs in the amount of $3,825.00; and

3. The Clerk of the Court send a certified copy of the Order to the clerk of the State Court in which the action was originally filed.

Such an Order is proper because Defendants have failed to meet their burden of proof that they are not citizens of State of California, and are diverse.

## II. STATEMENT OF CASE

Plaintiff GUADALUPE AREVALO (hereinafter "Plaintiff") filed the instant action on March 23, 2009, due to Defendants' wrongful termination of Plaintiff due to his age, disability and related causes of action.

Plaintiff commenced his employment with Defendants in or about February 1987, wherein he received various promotion and was wrongfully terminated after 20 years of employment and dedication at the age of 64.

Subsequently, on June 11, 2009, Defendants filed a "Notice of Removal" to Federal Court on the basis of "Diversity".

Contrary to Defendants' claim, there is no diversity between the Parties since both Parties are citizens of State of California. Defendants have simply failed to meet their burden and have failed to provide any evidence that they are not a citizen of the State of California. All of the evidence and declaration produced in the pending matter support the fact that Defendant are Citizen of State of California.

Defendants are in fact citizens of State of California and have admitted that "California does account for a higher percentage of Gruma's activities

according to many indices". (See "Gruma Corporation's Response to Order to Show Cause Re Remand To State Court" attached as Exhibit 3 to Declaration of Joseph Lavi, Page 6, Lines 12-13).

California accounted for **38%** of Defendants' nationwide **sales**, in comparison to the next highest state, Texas, which only accounts for **13%** of the sales. The Sales in California accounted for more than 1/3 of Defendants' total national sales! California's sales were almost 3 times more than of Texas or the next highest state sales. (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 2, Paragraph 7, attached as Exhibit 4, to Declaration of Joseph Lavi).

California accounted for **41%** of Defendants' **workforce**, in comparison to the next highest state, Texas, which only accounts for **19%** of the employees. California accounts for almost 50% of Defendants' workforce and has more than twice the employees, compared to the next highest state, Texas. (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 2, Paragraph 8, attached as Exhibit 4, to Declaration of Joseph Lavi).

California accounted for **47%** of Defendants' nationwide **production**, in comparison to the next highest state, Texas, which only accounts for **19%** of the production. California accounts for almost **50%** of Defendants' production and has more than twice the production, compared to the next highest state, Texas. (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 2, Paragraph 9, attached as Exhibit 4, to Declaration of Joseph Lavi).

California accounted for **35%** of Defendants' nationwide fixed **assets**, in comparison to the next highest state, Texas, which only accounts for **26%** of the assets. (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 2, Paragraph 11, attached as Exhibit 4, to Declaration of Joseph Lavi).

California accounted for **47%** of Defendants' nationwide real **property**, in comparison to the next highest state, Texas, which only accounts for

**PLAINTIFF GUADALUPE AREVALO'S MOTION FOR REMAND**
4

**18%** of the real property.  California accounts for almost **50%** of Defendants' real property and has almost three (3) twice the real property, compared to the next highest state, Texas.  (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 3, Paragraph 13, attached as Exhibit 4, to Declaration of Joseph Lavi).

California accounted for **43%** of Defendants' nationwide **purchases**, in comparison to the next highest state, Texas, which only accounts for **18%** of the employees.  California accounts for almost **50%** of Defendants' production and has more than twice the purchases, compared to the next highest state, Texas.  (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 3, Paragraph 15, attached as Exhibit 4, to Declaration of Joseph Lavi).

Therefore, there is and cannot be any dispute that Defendants are citizen of State of California.  As such, Defendants allegations and/or claims are without any basis.

**III.  LEGAL ARGUMENTS**

    **A.  FEDERAL AUTHORITY EXISTS FOR REMANDING THIS CASE TO STATE COURT**

Remand may by ordered either for lack of subject jurisdiction or for "any defect in the removal procedure."  28 U.S.C. § 1447(C); *see* also Buckner vs. FDIC, 981 F.2d 816, 820 (5th Cir. 1993).  Since there is no diversity, this case must be remanded to State Court.

    **B.  DEFENDANTS ARE CITIZENS OF CALIFORNIA AND NO DIVERSITY EXISTS BETWEEN THE PARTIES**

Defendants' Notice of Removal states that Defendants' basis of removal is based on "28 U.S.C. § 1332(a) (diversity of citizenship)".  (Notice of Removal Page 3, Paragraph 11).  Defendant further claims that "Gruma Corporation is a citizen of Nevada or Texas for purposes of diversity jurisdiction."  As will be

explained in detail, this matter must be remanded back to the State Court because Defendant's analysis for Removal is wrong and the assertions made are without any basis.

### i. Federal Courts Are Courts of Limited Jurisdiction

Federal Courts are Court of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., <u>Kokkonen vs. Guardian Life Ins., Co.</u>, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

The Court, as a court of limited jurisdiction, must determine the issue of subject matter jurisdiction before reaching the merits of any case. See <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, the Court has original jurisdiction only when there is "diversity of citizenship." 28 U.S.C.§ 1332.

In addition, "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." <u>California ex rel. Lockyer vs. Dynegy, Inc.</u> 375 F. 3d 831, 838 (9th Cir. 2004). As the parties seeking to invoke this Court's jurisdiction, Defendants bear the burden of proving that jurisdiction exists. <u>Scott vs. Breeland</u>, 792 F. 2d 925, 927 (9th Cir. 1986) (citations omitted).

### ii. Defendants' Activities and Operations in California <u>Substantially</u> Predominate and Exceed Defendants' Activities In Any Other State

Defendant argues that its principal place of business is in Texas, and it is not a citizen of California. However, as discussed below, the correct inquiry is not whether **all** of Defendant's activities outside of California, taken together,

exceed Defendant's activities inside California. Rather, when determining a corporation's principal place of business the Court considers whether a particular state "contains a *substantial predominance* of the corporation's business activities." See <u>Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1093 (9th Cir. 1990).

As such, Defendants' activities in California establish "substantially predominate" over its activities in other states, including Texas. For purpose of assessing diversity, a corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…" 28 U.S.C. §1332(c)(1).

There are two rules used to establish a corporation's principal place of business.

> "First, the 'place of operation test' locates a corporation's principal place of business in the state which contains a substantial predominance of corporate operations. Second, the 'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed." <u>Tosco Corp. v. Cmtys. for a Better Env't</u>, 236 F.3d 495, 500 (9th Cir.2001) (internal citations and some quotation marks omitted).

However, "[t]he 'nerve center' test should be used **only** when no state contains a substantial predominance of the corporation's business activities." <u>Id</u>. (emphasis omitted, bold emphasis added). Thus, following the Ninth Circuit rule, the Court will apply the place of operations test unless the party seeking to establish jurisdiction shows that the activities of a corporate party do not substantially predominate in any one state. <u>Id.</u>

In applying the operations test, the court determines a corporation's principal place of business by examining an entity's entire activities. See <u>Indus. Tectonics, Inc.</u>, 912 F.2d at 1094. The Court will consider a corporation a citizen of the state where it "conducts the most activity that is visible and impacts the public" and where there is the "greatest potential for litigation." <u>Id</u>. at 1093. When a

corporation conducts business in more than one state, the court will regard as its principal place of business that state which "contains a substantial predominance of the corporation's business activities." *Id.*

**Important factors in making this determination are the locations where income is earned, purchases are made, and sales take place, as well as the location of employees, tangible property, and production activities**. *Id.* at 1094. (Emphasis added). "Substantial predominance" does not require that the *majority* of a corporation's business take place in one state, only that the amount of a corporation's business activity in one state be significantly larger than that in any other state in which the corporation conducts business. *Tosco Corp.,* 236 F.3d at 499.

Therefore, **the relevant comparison, then, is between the amount of business activity in the state at issue and the amount conducted in other states**, **not** between the amount of activity conducted in the state at issue and the corporation's **total** activity. In other words, the issue is not the percentage of a corporation's activity conducted in a given state, taken alone, but that percentage in comparison to the percentage of activity the corporation conducts in other states.

In order to properly determine corporate citizenship, Defendant must provide the Court with adequate information in its Notice of Removal and Declarations, at least the following categories of information:

1. The number of employees it has in each state. This is based on the requirement to show where a party "conducts the most activity that is visible and impacts the public." *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1093 (9th Cir. 1990). Furthermore, definition of "employees" for the purpose of subject matter jurisdiction includes not only salaried and hourly employees, but also, as relevant, independent agents, claims adjusters, and any other person in whatever capacity who interacts with the public on behalf of a party, such as selling Defendant's products in various department stores and locations.

In the pending action, California accounted for **41%** of Defendants' **workforce**, in comparison to the next highest state, Texas, which only accounts for **19%** of the employees. California's workforce is **22%** more than the next highest state, Texas, and in fact has more than twice the number of employees in California than Texas. (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 2, Paragraph 8, attached as Exhibit 4, to Declaration of Joseph Lavi).

As such, Defendant's workforce in California substantially predominates over any other state.

2. The percentage of its sales originating in each state. See <u>Industrial Tectonics</u>, 912 F. 2d at 1094. As with the number of employees, the definition of sales is broad. For instance, in the case of insurance companies, the court has defined sales to include not only the amount of insurance sold, but also the amount of claims made against the insurer.

In the pending action, California accounted for **38%** of Defendants' nationwide **sales**, in comparison to the next highest state, Texas, which only accounts for **13%** of the sales. The Sales in California accounted for more than 1/3 of Defendants' total national sales! California's sales were almost 3 times more than sales in Texas which is the next highest state sales. (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 2, Paragraph 7, attached as Exhibit 4, to Declaration of Joseph Lavi).

As such, Defendant's sales in California substantially predominates over any other state.

3. The percentages of its assets held in each state. See <u>Industrial Tectonics</u>, 912 F. 2d at 1094. As with the number of employees, the definition of assets is broad. It means any asset used in furtherance of Defendant's business.

In the pending action, California accounted for **35%** of Defendants' nationwide fixed **assets**, in comparison to the next highest state, Texas, which only

accounts for **26%** of the assets. (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 2, Paragraph 11, attached as Exhibit 4, to Declaration of Joseph Lavi). As such, Defendant's fixed assets in California substantially predominates over any other state.

California accounted for **47%** of Defendants' nationwide real **property**, in comparison to the next highest state, Texas, which only accounts for **18%** of the real property. This is a difference of **29%**! California accounts for almost **50%** of Defendants' real property and has almost three (3) times the real property, compared to the next highest state, Texas. (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 3, Paragraph 13, attached as Exhibit 4, to Declaration of Joseph Lavi). As such, Defendant's real property in California substantially predominates over any other state.

In addition, California accounted for **47%** of Defendants' nationwide **production**, in comparison to the next highest state, Texas, which only accounts for **19%** of the production. This is a difference of **28%**! Once again, California accounts for almost **50%** of Defendants' production and has more than twice the production, compared to the next highest state, Texas. (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 2, Paragraph 9, attached as Exhibit 4, to Declaration of Joseph Lavi). As such, Defendant's production in California substantially predominates over any other state.

California also accounted for **43%** of Defendants' nationwide **purchases**, in comparison to the next highest state, Texas, which only accounts for **18%** of the employees. This is a difference of **25%**! Defendants' California purchases are more than twice the purchases made in the next highest state, Texas. (See Declaration of Defendants' Senior Human Resources, Velina Usseryas, Page 3, Paragraph 15, attached as Exhibit 4, to Declaration of Joseph Lavi). As such, Defendant's purchases in California substantially predominates over any other state.

The Court, undoubtedly, will also look at the information on the location of a

corporate parties' headquarters, but will revert to the use of the 'nerve center' test **only** if the above information shows that a corporate entities' operations do not predominate in a single state. There is no dispute that California predominates over any other state! The above stated percentages and data, which are admitted by Defendants, leave no doubt that California operations substantially predominates over those of other states.

Defendants, as the parties seeking to establish jurisdiction, bear the burden of proving such. <u>Kokkonen</u>, 511 U.S. at 377. Based on Defendants' produced Declarations and admissions, it is clear that Defendants have failed to meet their burden of proof since California operations substantially predominate over any other state.

### C. THE COURT SHOULD ORDER DEFENDANTS TO PAY PLAINTIFF'S COSTS AND ATTORNEYS' FEES INCURRED IN MAKING THIS MOTION TO REMAND

On granting a Motion to Remand, the Federal Court may Order the Defendants to pay Plaintiff his "just costs and actual expenses, including attorneys' fees, incurred as a result of the removal . . ." 28 U.S.C. §1447(c); *see* <u>Morris vs. Bridgeston/Firestone, Inc</u>. 985 F.2d 238, 240 (6th Cir. 1993). Because the statute unambiguously authorizes the award of attorneys' fees, no showing of bad faith on the part of the removing party is necessary to a fee award under §1447 (c). <u>Tenner vs. Zurek</u>, 168 F. ed 328, 329-330 (7th Cir. 1999); <u>Suder vs. Blue Circle, Inc</u>. 116 F. 3d 1351, 1352 (10th Cir. 1997); <u>Morgan Guar. Trust Co. vs. Republic of Palau</u>, 971 F. 2d 917, 923-924 (2nd Cir. 1992).

As such according to Declaration of Joseph Lavi attached herein, sanctions of $3,825.00, against Defendants Gruma and Mission Foods, are respectfully sought.

### III. CONCLUSION

Based on the foregoing reasons, Plaintiff requests that this Court Order that the instant action be remanded to State Court, that Defendant pay to Plaintiff an

1  award of attorneys' fees and costs in the amount of $3,825.00, or an amount that the
2  Court deems appropriate, and that the Clerk of the Court send a certified copy of the
3  Order to the Clerk of the State Court.
4
5  DATED:  August 5, 2009                    Respectfully Submitted;
                                              **LAVI & EBRAHIMIAN, LLP**
6
7
                                              _____
8                                             Joseph Lavi, Esq.
                                              Christopher B. Adamson, Esq.
9                                             Attorneys for Plaintiff
10                                            GUADALUPE AREVALO
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28