Joseph Lavi, Esq. (SBN 209776)
e-mail: jlavi@lelawfirm.com
Christopher B. Adamson, Esq. (SBN 238500)
e-mail: cadamson@lelawfirm.com
LAVI & EBRAHIMIAN, LLP
8383 Wilshire Blvd., Suite 840
Beverly Hills, California 90211
Telephone Number: (323) 653-0086
Facsimile Number:  (323) 653-0081

Attorneys for PLAINTIFF
GUADALUPE AREVALO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE AREVALO, | Case No.:  CV 09-4205 GW (PJWx) |
| | Los Angeles Superior Court Case No. BC 410194 |
| PLAINTIFF, | Hon. George H. Wu |
| vs. | **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES FOR $3,825.00, AGAINST DEFENDANTS GRUMA CORPORATION AND MISSION FOODS;** |
| GRUMA CORPORATION; MISSION FOODS; and DOES 1 to 100, Inclusive. | |
| DEFENDANTS. | **Date:** October 1, 2009<br>**Time:** 8:30 a.m.<br>**Courtroom:** 10 |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiff Guadalupe Arevalo hereby Replies to Defendants' Opposition to Motion to Remand due to the fact that Defendants have not cited a single case

**PLAINTIFF GUADALUPE AREVALO'S REPLY TO OPPOSITION TO MOTION FOR REMAND**

1

which supports their only argument that this Court should consider each states' "population size" or "square feet per capita" in order to determine whether Defendants' conduct in California exceeds those of other states. (Opposition Page 2, lines 21-25).

Simply comparing Defendants' activities in California with other states clearly establishes that Defendants are citizens of State of California and this matter should be remanded to state court.

### A. Davis vs. HSBC Bank Nevada, Cited and Relied On By Defendants Supports Plaintiff's Position that This Matter Must be Remanded Back to the State Court

Defendants' primarily rely on Davis vs. HSBC Bank Nevada, (2009) 557 F. 3d 1026, to in their Opposition. However, Davis, supports Plaintiff's position in that this matter must be remanded back to the State Court.

The Davis Court held that

> "Determining whether a "Substantial predominance" of a corporation's operations take place in a given state "**plainly** requires a **comparison** of that corporation's business activity in the sate at issue to its business activity in other individual states." Id. at 1028-1029. (Emphasis added).

| Defendants' Business Operation | In California | In Texas (Next Highest State) |
|---|---|---|
| Real Property | **47%** | 18% |
| Production | **47%** | 19% |
| Purchases | **43%** | 18% |
| Workforce | **41%** | 19% |
| Sales | **38%** | 13% |
| Fixed Assets | **35%** | 26% |

1    The mere comparison shows that in each and every single category,
2  California far exceeds Defendants' activities in its next highest state.  There is **not** a
3  single category in which Texas has a higher percentage than California.  There is
4  **not** even a single category in which Texas has the same percentage of activities as
5  in California.  There is **not** a single operational activity in Texas that is even close
6  to California!

7    As such, in accordance to <u>Davis</u>, the pending matter must be Remanded to
8  state Court.

9    Furthermore, Defendants in their Opposition admit that the case law holds
10 that substantial predominance does **not** require that the absolute majority of
11 Defendants' operations occur in California:

> "While substantial predominance does not require that the absolute majority of the corporation's operations occur in a single state, the corporation's activity in one state must be "substantially larger" than the corporation's activity in any other state." (Opposition Page 4, lines 18-21).

17    Defendants also argue in their Opposition that this Court must consider each
18 states' "population size" or "square feet per capita" in order to determine whether
19 Defendants' conduct in California exceeds those of other states.  Yet, the <u>Davis</u>
20 Court rejected this approach by stating that

> "We do **not** require that courts apply a per capita approach to determining a corporation's principle place of business in every case."  Id. at 1030.  (Emphasis added).

**B.    THE COURT SHOULD ORDER DEFENDANTS TO PAY PLAINTIFF'S COSTS AND ATTORNEYS' FEES INCURRED IN MAKING THIS MOTION TO REMAND**

26    This Court should award sanctions of $3,825.00, against Defendants Gruma
27 and Mission Foods since the cases cited by Defendants as well as their Opposition

only support Plaintiff's position in that this matter should be remanded back to the State Court.

### III.   CONCLUSION

Based on the foregoing reasons, Plaintiff requests that this Court Order that the instant action be remanded to State Court, that Defendant pay to Plaintiff an award of attorneys' fees and costs in the amount of $3,825.00, or an amount that the Court deems appropriate, and that the Clerk of the Court send a certified copy of the Order to the Clerk of the State Court.

DATED:  August 31, 2009              Respectfully Submitted;

**LAVI & EBRAHIMIAN, LLP**


_____
Joseph Lavi, Esq.
Christopher B. Adamson, Esq.
Attorneys for Plaintiff
GUADALUPE AREVALO